IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| LINDA D. KLOOS, ) | |
| ) | CASE NO. BK08-82245-TJM |
| Debtor(s). ) | A08-8060-TJM |
| LINDA D. KLOOS, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| U.S. DEPARTMENT OF EDUCATION and ) | |
| DEPARTMENT OF EDUCATION, OFFICE ) | |
| OF POST-SECONDARY EDUCATION, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the United States Department of Education's motion for summary judgment (Fil. #30) and resistance by the plaintiff (Fil. #41). Van A. Schroeder represents the debtor, and Laurie M. Barrett represents the defendants. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The debtor, Linda Kloos, owes the government more than $80,000.00 for principal and interest on funds borrowed to further her education at Midland Lutheran College between 1982 and 1986, and Luther Seminary in 1995 and 1996. She asserts that repayment of this debt would impose an undue hardship upon her and her family, so she requests discharge of this debt pursuant to 11 U.S.C. § 523(a)(8). The government now moves for summary judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The court must examine the record to ascertain whether the movant, through depositions, answers to interrogatories, admissions, affidavits, and other evidence, has demonstrated the absence of a genuine issue of material fact. Beard v. Banks, 548 U.S. 521, 529 (2006). If the movant has done so, then the non-moving party, bearing the burden of persuasion, must by affidavit or otherwise set forth specific facts showing that there is a genuine issue for trial. Id. The court does not weigh the evidence, make

credibility determinations, or attempt to discern the truth of any factual issue. Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co., 536 F.3d 939, 943-44 (8th Cir. 2008). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. Hitt v. Harsco Corp., 356 F.3d 920, 923-34 (8th Cir. 2004).

The parties agree on the following facts:

1. The U.S. Department of Education is a scheduled unsecured non-priority creditor of the debtor. This is an adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure 7001 et seq.

2. The jurisdiction and venue are proper pursuant to 28 U.S.C. § 157(b), 1130 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(l).

4. This is an adversary proceeding to determine the dischargeability of student loan obligations pursuant to 11 U.S.C. § 523(a)(8) and 28 U.S.C. § 1334.

5. The William D. Ford Federal Direct Student Loan Program is administered by the U.S. Department of Education, an agency of the United States.

6. The debtor, Ms. Kloos, is the plaintiff herein.

7. Ms. Kloos filed an adversary complaint to determine the dischargeability of her student loan obligation on or about October 15, 2008.

8. The defendant filed an answer to the complaint on November 10, 2008.

9. Between 1982 and 1986, Ms. Kloos attended Midland Lutheran College in Fremont, Nebraska, and received a bachelor of arts degree in 1986.

10. Ms. Kloos received her master's degree in religious studies from Luther Seminary in St. Paul, Minnesota, in May 1996.

11. After obtaining her master's degree, Ms. Kloos worked at Jehovah Lutheran Church School in St. Paul, Minnesota, as director of religious education.

12. Ms. Kloos obtained student loans guaranteed by the U.S. Department of Education to finance her college degrees, set out above.

13. Ms. Kloos consolidated her student loans with the William D. Ford Federal Direct Loan Program in August 2000.

14. She made payments totaling $1,621.90 on her Ford loan and subsequently defaulted.

15. The William D. Ford Federal Direct Program is claiming Ms. Kloos owes $76,208.43 as of October 27, 2008.

16. Ms. Kloos is employed by the State of Nebraska as a vocational rehabilitation associate at a salary of $26,000.00 per year. She started in April 2008. Much of her work is clerical.

17. At the time of filing her petition in Chapter 7, Ms. Kloos had a net disposable monthly income of $1,507.04.

18. Since the filing of her complaint herein, Ms. Kloos's net disposable monthly income increased to $1,532.00.

19. As of the date of filing her petition in Chapter 7, Ms. Kloos and her husband had an average monthly expense of $1,847.00.

20. Ms. Kloos takes medication for high blood pressure, and takes St. John's wort to elevate her depressed moods.

21. Ms. Kloos suffered a knee injury in February 2008 for which she had surgery.

22. Ms. Kloos's average annual income from 1996 to 2007 has been $16,631.00 with a high in 2007 of $32,028.00 and a low in 1996 of $1,668.00.

23. Ms. Kloos worked for GHY, Inc. in Pembina, North Dakota, in 2007.

24. Ms. Kloos and her husband returned to Nebraska in 2007.

25. Ms. Kloos was on the Income Contingent Repayment Plan ("ICRP") through the William B. Ford Loan Consolidation Program and made income-contingent payments on $34.07 per month to the William B. Ford Consolidated Loan Program, during which time the debt increased at the rate of $14.06 per day as the payment did not cover the accumulating interest.

26. The William D. Ford Loan Consolidation Program provides that the balance of Ms. Kloos's loan will be cancelled after twenty-five (25) years.

27. Ms. Kloos supports her husband, David Kloos, who suffered a traumatic brain injury while working as a prison guard, and a back injury due to a fall from a ladder.

28. David Kloos is disabled and drawing Social Security Disability Income ("SSDI") in the gross amount of $921.00 per month.

29. Ms. Kloos is 45 years of age.

Under § 523(a)(8), "unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents," debts for the following are not discharged:

> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>    (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

A debtor seeking discharge of an educational loan debt bears the burden of proving, by a preponderance of the evidence, that repayment of those loans would impose an undue hardship on her. Parker v. Gen. Revenue Corp. (In re Parker), 328 B.R. 548, 552 (B.A.P. 8th Cir. 2005).

"Undue hardship" is not defined in the Bankruptcy Code, so courts have devised their own methods of determining whether an undue hardship exists. In the Eighth Circuit, the "totality of the circumstances" test is used. Educ. Credit Mgmt. Corp. v. Jesperson (In re Jesperson), 571 F.3d 775, 779 (8th Cir. 2009); Long v. Educational Credit Mgmt. Corp. (In re Long), 322 F.3d 549, 553 (8th Cir. 2003) (citing Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews), 661 F.2d 702 (8th Cir. 1981)). This requires an evaluation of the debtor's past, present, and reasonably reliable future financial resources; a calculation of the reasonable necessary living expenses of the debtor and his dependents; and any other circumstances unique to the particular bankruptcy case. Jesperson at 779 (citing Long, 322 F.3d at 554).

As the Eighth Circuit expressed in Long,

> Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt — while still allowing for a minimal standard of living — then the debt should not be discharged. Certainly, this determination will require a special consideration of the debtor's present employment and financial situation — including assets, expenses, and earnings — along with the prospect of future changes — positive or adverse — in the debtor's financial position.

322 F.3d at 554-55; Reynolds v. Penn. Higher Educ. Assistance Agency (In re Reynolds), 425 F.3d 526, 532 (8th Cir. 2005).

In this case, questions of fact exist which preclude the entry of summary judgment in the government's favor. Ms. Kloos is the primary bread-winner in her family, and between her salary and her husband's disability benefits, the couple appear to have net monthly income of $2,349.00, which exceeds by $500.00 the monthly expenses listed on Ms. Kloos's Schedule J. However, she asserts that she and her husband had to take out a bank loan to pay household expenses and rely on charity for food last year. She submitted an amended list of expenses with her affidavit in opposition to the current motion which lists monthly expenses of $3,013.00. At a minimum, these discrepancies should be examined at trial. Moreover, Ms. Kloos has had a history of relatively low-paying work, primarily outside of her field of study. Evidence with regard to her future prospects for employment, particularly employment of the type that would enable her to make even the government's proposed $247.77 ICRP payment, will be relevant to the determination of undue hardship.

IT IS ORDERED: The United States Department of Education's motion for summary judgment (Fil. #30) is denied.

DATED:     April 15, 2010

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        United States Bankruptcy Judge

Notice given by the Court to:
     Van A. Schroeder
     *Laurie M. Barrett
     U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.